UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| S&M BRANDS, INC. ET AL. | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-19 |
| | ) | |
| PAUL G. SUMMERS, in hi*s* official | ) | |
| capacity as the Attorney General of | ) | |
| the State of Tennessee | ) | |

# **O R D E R**

This private action for injunctive relief and declaratory judgment under §1 of the Sherman Act is before the Court to address plaintiffs' Motion for a Temporary Restraining Order. [Doc. 2]. The plaintiffs seek relief under Rule 65(b) and specifically state:

> Unless the defendant be restrained from enforcing the ASR Repealer, plaintiffs will not be able to compete in the Tennessee cigarette market, and will consequently suffer irreparable harm.

Rule 65(a) of the Federal Rules of Civil Procedure provides that "[n]o preliminary injunction shall be issued without notice to the adverse party." This notice requirement implies "a hearing in which the defendant is given a fair

opportunity to oppose the application and to prepare for such opposition." *Williams v. McKeithen*, 939 F.2d 1100, 1105 (5th Cir.1991) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 433 n. 7 (1974)); *Reed v. Cleveland Bd. of Educ.*, 581 F.2d 570, 573 (6th Cir.1978) .

However, Rule 65 also provides:

> (b) Temporary Restraining Order; Notice; Hearing; Duration. A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that <u>immediate and irreparable injury, loss, or damage will result to the applicant</u> before the adverse party or that party's attorney can be heard in opposition, and (2) the <u>applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice</u> and the reasons supporting the claim that notice should not be required.  (emphasis added)

In this case, the plaintiffs have failed to demonstrate irreparable injury sufficient to warrant ex parte relief because a plaintiff's harm from the denial of a preliminary injunction is not irreparable if it is fully compensable by monetary damages. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 578 (6TH Cir. 2002); *Hayes v. City of Memphis*, 73 Fed.Appx. 140, 141, 2003 WL 21920031, *2 (6th Cir.(Tenn.)).  Clearly, in this case, the plaintiffs' harm can

2

be fully compensable by monetary damages. The plaintiff's attorneys in this case have also failed to certify to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Therefore, it is hereby **ORDERED** that the Motion for Temporary Restraining Order is **DENIED**. [Doc. 2]. The plaintiffs' motion will be treated as a motion for a preliminary injunction and will be set for hearing once defendant has been served with the complaint and can be heard in opposition. The plaintiff is directed to forward a copy of this order to the defendant by certified mail.

E N T E R:

<pre>                                             s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE</pre>