UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| | | |
|---|---|---|
| S&M BRANDS, INC. ET AL. | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-19 |
| | ) | |
| PAUL G. SUMMERS, in his *official* | ) | |
| capacity as the Attorney General of | ) | |
| the State of Tennessee | ) | |

## **O R D E R**

This private action for injunctive relief and declaratory judgment is before the Court to address the Motion to Dismiss, or in the Alternative, Change Venue filed by the defendant. The defendant contends that venue is not proper in the Eastern District of Tennessee and that this case should be dismissed or transferred to the Middle District of Tennessee.

This is a private action for injunctive relief and declaratory judgment under § 1 of the Sherman Act, 15 U.S.C. § 1, seeking to enjoin an alleged cartel set up under the Master Settlement Agreement (the "MSA") entered into in November 1998 between the four major cigarette companies, Philip Morris, R.J. Reynolds,

Brown & Williamson and Lorillard ("the Majors" or "OPMs"), and 46 States and various geo-political divisions of the United States, i.e., Puerto Rico, the Virgin Islands, the District of Columbia, etc., (the "Settling States"), to control the output of cigarettes made by the companies in the alleged cartel (the "Participating Manufacturers", a/k/a "PMs"), and allegedly to penalize those not joining.

The plaintiffs S&M Brands, ("S&M"), is a tobacco product manufacturer that does not participate in the MSA, i.e., a Non-Participating Manufacturer ("NPM") as defined by the MSA. The plaintiff, International Tobacco Partners, is not a tobacco product manufacturer and it is not clear to the Court why International Tobacco Partners has joined this suit. S&M resells cigarettes in interstate commerce in various states, including Tennessee, to direct-buying wholesalers ("DBWs"). DBWs are wholesalers licensed to place state excise tax stamps on cigarettes, including in Tennessee, and to sell to retailers. Plaintiffs bring this action on behalf of themselves and all other importers and NPMs similarly situated that sell to DBWs with Tennessee cigarette tax stamp licenses. The plaintiffs, on behalf of themselves and all others similarly situated, seek a declaration that the output cartel set up in the MSA is illegal per se under § 1 of the Sherman Act and seek preliminary and permanent injunctive relief against

2

the enforcement of the MSA, the Tennessee Escrow Statute, *Tenn. Code Ann.* § 47-31-103, which requires NPM's to pay certain funds into an escrow fund, and the Repeal of the Allocable Share Release Provision of that Escrow Statute, HB 2900/SB 2670 as well as a declaratory judgment that such statutes are invalid and preempted by the Sherman Act, 15 U.S.C. § 1 and the Clayton Act, 15 U.S.C. § 26.

When federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in (1) the judicial district where any defendant resides, if all defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. See 28 U.S.C. § 1391(b); see also *Northern Ky. Welfare Rights Ass'n v. Wilkinson*, 933 F.2d 1009 , 1991 WL 86267, at *5 (6th Cir. (Ky.)); *Bunting ex rel. Gray v. Gray*, 2 Fed.Appx. 443, 448, 2001 WL 69347, *4 (6th Cir.(Mich.)). . .

Defendants' motion to dismiss alleges that venue in the Eastern District of Tennessee is improper because the Attorney General does not reside in the Eastern District and that the claim did not arise in the Eastern District. The plaintiffs contend that a "substantial part" of the events "giving rise to the claim" have occurred in the Eastern District of Tennessee because most of S&M's

3

cigarette sales to consumers occur in eastern Tennessee, and S&M sells its cigarettes to wholesalers who are located in eastern Tennessee. Plaintiffs also contend that the defendant has offices and employees in the Eastern District of Tennessee, making venue proper in the Eastern District.

The defendant, however, has filed an affidavit that establishes that the principal office of the Attorney General is located in Nashville, Tennessee. Pursuant to *Tenn. Code Ann*. §8-6-102, the defendant's official office is in Nashville which is also his official residence. The defendant's Tobacco Unit is located in his Nashville office. All of the office's work related to interpreting and enforcing Tennessee's tobacco statutes and the Master Settlement Agreement has been performed exclusively by employees assigned to the Nashville office.

Although the defendant has satellite offices located in Knoxville, Chattanooga, Jackson and Memphis, out of 167 lawyers employed by the defendant, 157 of those lawyers are located in Nashville, Tennessee. The Knoxville (3 attorneys), Chattanooga (2 attorneys) and Jackson (3 attorneys) offices are wholly devoted to eminent domain cases. The Memphis Office has two attorneys, but that office handles general matters and does not handle tobacco cases. All of the lawyers who will be working on this case and all other matters

4

involving the Master Settlement Agreement and related statutes are assigned to the Nashville office.

The Court FINDS that the Middle District of Tennessee at Nashville is the district in which the defendant resides.

Plaintiff's argument that 28 U.S.C. § 1391(b)(2) establishes venue in this District is likewise without merit. Plaintiff's argument is focused on its own conduct in East Tennessee, not the conduct of the defendant, which allegedly gave rise to this claim. The Tennessee General Assembly, which passed the challenged statutes is located in Nashville, the seat of Tennessee state government. There is no allegation that any of the legislative actions associated with the passage of the statute occurred in the Eastern District.

In addition, because all of the defendant's work related to interpreting and enforcing Tennessee's tobacco statutes and the Master Settlement Agreement has been performed exclusively by employees assigned to the Nashville office, a substantial part of the events or omissions giving rise to the claim have occurred or will occur in the Middle District of Tennessee. Matters involving interpreting and enforcing the Master Settlement Agreement and related statutes will not be handled in the Eastern District of Tennessee. Accordingly, venue is not proper
5

in the Eastern District of Tennessee.

If venue is improper, the district court may, in its discretion, either dismiss the case or transfer it to any other place the case could have been brought. See 28 U.S.C. § 1406(a). This Court FINDS that this case has been filed in the wrong district, and in the interest of justice, the case should be transferred to the district in which it could have been brought. Therefore, it is hereby **ORDERED** that the Motion to Dismiss is **DENIED**; however, the motion to change Venue is **GRANTED** and this case is **TRANSFERRED** to the Middle District of Tennessee. [Doc. 8].

E N T E R:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE